UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

MIKE MORENO QUINTANA,

    Defendant-Movant.

Case No. 1:16-cr-235-2

HON. JANET T. NEFF

_____/

# AMENDED[1] OPINION AND ORDER

Pending before the Court is Defendant Mike Moreno Quintana's pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him (ECF No. 134). Defendant has also filed a motion to expand the record (ECF No. 137). For the reasons that follow, the Court denies Defendant's motions and issues this Opinion and Order. The Court will also issue a Judgment in this § 2255 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

## I. BACKGROUND

On December 1, 2016, Defendant was charged in a two-count Indictment with a Methamphetamine Conspiracy (Count 1) and Distribution of Methamphetamine (Count 2) (ECF No. 1). Defendant proceeded to trial in October 2017, and a jury found him guilty on both counts (Verdict, ECF No. 92). On February 28, 2018, this Court sentenced Defendant to concurrent terms

---

[1] The Court's November 18, 2021 Opinion and Order (ECF No. 159) is amended to correct a typographical error in Defendant's name.

of 240 months in prison, to be followed by three years of supervised release (2/28/2018 Judgment, ECF No. 113). Defendant appealed, and the Sixth Circuit affirmed his convictions and sentence (Op., ECF No. 130). A mandate was issued on March 6, 2019 (ECF No. 131). Defendant did not petition the Supreme Court for a writ of certiorari.

On March 27, 2020, Defendant filed this § 2255 motion (ECF No. 134), with a supporting memorandum (ECF No. 135) and affidavit (ECF No. 136); and a motion to expand the record (ECF No. 137). On July 17, 2020, Defendant's trial attorney filed an affidavit in opposition to the § 2255 motion (ECF No. 147). On October 8, 2020, the government filed a response in opposition to the § 2255 motion (ECF No. 153). On December 28, 2020, Defendant filed a reply to the government's response (ECF No. 156).

## II. ANALYSIS

**A. Motion Standard**

A prisoner who moves to vacate his sentence under 28 U.S.C. § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, the movant must demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

The general rule is that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Claims of ineffective assistance of counsel are an exception to this general rule.

Claims of ineffective assistance of counsel "are more properly available in a post-conviction proceeding under 28 U.S.C. § 2255, after the parties have had the opportunity to develop an adequate record on the issue from which the reviewing court is capable of arriving at an informed decision." *United States v. Williams*, 612 F.3d 500, 508 (6th Cir. 2010) (citation omitted).

**B. Discussion**

Defendant claims he was denied effective assistance of counsel at the plea bargain and trial stages of his case. To establish an ineffective assistance of counsel claim, a defendant must show that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) that such failure prejudiced him in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687, 688, 694 (1984).

1. *Plea Negotiations*

First, Defendant argues that but for his attorney's deficient performance in "failing to communicate with the United States" during the plea negotiation stage of his case, he "would have accepted a plea offer for the offense he actually committed—attempting to swindle a confidential informant for cash" (ECF No. 135 at PageID.1523, 1531-1535). Defendant opines that justice requires that he be "re-sentenced as if he had accepted such a favorable plea with the government" (*id.* at PageID.1536).

Defendant has not satisfied either prong of the *Strickland* test. The government points out that the only plea deal offered to Defendant was the option of pleading guilty to the conspiracy claim in Count 1 (ECF No. 153 at PageID.1627). The deal that Defendant sought was not "ever available" to him (*id.*). Further, Defendant does not dispute that his attorney conveyed and discussed the merits of the plea that was offered by the government (*id.* at PageID.1628). The

government properly concludes that Defendant "does not get to set the bounds of his plea alone" and does not get to claim that his attorney provided ineffective assistance for "failing to convince the government to give a plea it would not have given" (*id.* at PageID.1627). Defendant "received all the information needed to make an informed decision on whether to accept the plea deal" that was offered. *Logan v. United States*, 910 F.3d 864, 871 (6th Cir. 2018). Defendant has therefore not demonstrated either that his attorney's representation was deficient or that he was prejudiced by his attorney's representation during plea negotiations.

    2.    *Trial*

Next, Defendant argues that he was denied the effective assistance of counsel at trial because his attorney (a) used "trickery" to obtain his stipulation to "the amount of methamphetamine seized, its purity and the circumstances surrounding that seizure"; and (b) failed to investigate "potential exculpatory witnesses, subpoena those witnesses and ultimately present those witnesses during trial" (ECF No. at PageID.1523-1524, 1538, 1542-1543). Specifically, regarding his latter claim, Defendant indicates that he sought to admit testimony from certain witnesses that he "did not exhibit the characteristics of a large scale drug dealer, or deal in drugs" (ECF No. 135 at PageID.1544-1545). According to Defendant, "[t]he evidence not heard as a result of counsel's deficient performance is sufficient to undermine confidence in the verdict" (*id.* at PageID.1524, 1550-1551).

Neither argument has merit.

Defendant's attorney provided the following explanation with regard to the drug stipulation in this case:

> In my opinion, based on the theme of Movant Quintana's defense, it made little if any sense to force the Government to produce the forensic chemist; to do so would not only have been a waste of judicial time and resources, but more significantly, in my opinion, if would have unnecessarily added to the Government's case by

4

> presenting a witness educated and trained in the subject of controlled substances and the art and science of laboratory testing, infusing an element of scientific credibility into the Government's case, in the minds of the jury, over matters that were not in dispute. Our focus instead was on the credibility and reliability of drug dealers, Humrich and Akers, and it was my recommendation to avoid the unnecessary presentation of laboratory witnesses related to law enforcement in front of the jury since we did not have cause to dispute that part of the Government's case.

(Affidavit ¶ 30, ECF No. 147 at PageID.1596). Stipulations can be part of a defense attorney's reasonable trial strategy. *See, e.g., Smith v. Cook*, No. 17-4118, 2020 WL 1875172 (6th Cir. Apr. 15, 2020) (approving of a defense stipulation "laying out witness descriptions and a general description of each robbery" where the stipulation "minimized the jury's exposure to potentially emotional victim testimony and reduced the already-large volume of evidence to be presented to the jurors about the eighteen separate robberies, allowing [the defense attorney] to focus the jury's attention on misidentification"); *United States v. Monghan*, 409 F. App'x 872, 878 (6th Cir. 2011) (approving of a defense stipulation to the location of manufacture and operability of the firearm as the defendant had "nothing to gain by challenging these obvious issues"). As the government points out, even assuming arguendo that Defendant could demonstrate that the drug stipulation in this case demonstrates that his attorney's representation fell below an objective standard of reasonableness, Defendant cannot demonstrate any prejudice resulted from the stipulation where the lab analysis would have confirmed the amount and purity of the drug (ECF No. 153 at PageID.1630).

Whether to call a witness is also a "classic question[] of trial strategy that merit[s] *Strickland* deference." *Rayborn v. United States*, 489 F. App'x 871, 878 (6th Cir. 2012); *see also Williams v. Lafler*, 494 F. App'x 526, 531 (6th Cir. 2012). Defendant has not demonstrated that his attorney's decision not to call his requested character witnesses fell below an objective standard of reasonableness. As the government points out, such character evidence would have run afoul

5

of several evidentiary rules (ECF No. 153 at PageID.1630-1631). Further, Defendant has not shown that any alleged failure to call these witnesses resulted in prejudice. Rather, as the government also points out, such testimony would have "opened the door" for the government to elicit testimony about Defendant's prior drug deals (*id.*).

In summary, Defendant's ineffective-assistance-of-counsel claims do not entitle him to habeas relief.

C.  **Evidentiary Hearing**

In an action to vacate or correct a sentence, a court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the movant's allegations "'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Having decided that the files and records in this case conclusively show that Defendant is not entitled to relief under 28 U.S.C. § 2255, no evidentiary hearing is required to resolve the merits of the pending motion.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(B), the Court must further determine whether to grant a certificate of appealability as to the issues Defendant raises. *See* Rules Governing § 2255 Proceedings, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The showing required to satisfy § 2253(c) is straightforward: "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Defendant's ineffective-assistance-of-counsel claims debatable or wrong. A certificate of appealability will therefore be denied as to each issue presented.

## IV. CONCLUSION

For the foregoing reasons, this Court denies Defendant's motion to expand the record, denies his § 2255 motion, and denies a certificate of appealability as to the issues asserted therein. Accordingly:

**IT IS HEREBY ORDERED** that the Motion to Expand the Record (ECF No. 137) is DENIED.

**IT IS FURTHER ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 134) is DENIED.

**IT IS FURTHER ORDERED** that a certificate of appealability is DENIED as to each issue presented.

Dated:  November 19, 2021                              /s/ Janet T. Neff
                                                      JANET T. NEFF
                                                      United States District Judge